IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| THOMAS ALLEN ADAMS )<br>ADC # 148291 )<br>    Petitioner, )<br>v. )<br> )<br>WENDY KELLEY, Director, )<br>Arkansas Department of Correction )<br>    Respondent. ) | **Case No. 5:15-CV-00264 KGB-JTK** |

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### Instructions

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Thomas Adams on August 11, 2015 (Doc. No. 2). Respondent Wendy Kelley filed a response on September 8, 2015 (Doc. No. 6). Petitioner filed a Reply on September 28, 2015 (Doc. No. 7). After reviewing the Parties' briefing and the available evidence, the Court finds that the current action should be DISMISSED.

## Background

An August 31, 2010, Judgment and Commitment Order from the Drew County (Arkansas) Circuit Court indicates that Petitioner entered a negotiated plea of guilty or nolo contendere to rape of his niece and aggravated assault upon an employee of a correctional facility (Doc. No. 6-1).[1] Petitioner received twenty-five (25) years' imprisonment in the Arkansas Department of Correction (ADC). On April 7, 2011, the circuit court dismissed Petitioner's petition for postconviction relief (Rule 37 petition) filed on March 21, 2011 because

---

[1] Petitioner asserts he pleaded guilty to aggravated assault and no contest to rape.

it was untimely (Doc. No. 6-2). The circuit court denied a second Rule 37 petition on June 16, 2011 (Doc. No. 6-3). On August 11, 2015, Petitioner filed his federal habeas petition (Doc. No. 2).

## Discussion

Construing Petitioner's petition liberally, he now requests relief pursuant to 28 U.S.C. § 2254 based on the following grounds: 1) ineffective assistance of counsel, 2) insufficient evidence, 3) invalid guilty plea, and 4) actual innocence.

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Mr. Adams pleaded guilty/nolo contendere, and therefore, had no right to appeal his conviction. *See* Ark. R. App. P. – Crim. 1(a). The relevant starting date occurred on September 30, 2010, thirty days from the date the court filed the judgment and commitment order. *Camacho v. Hobbs*, 774 F.3d 931, 934 (8th Cir. 2015) (holding that, when an Arkansas petitioner pleads guilty, the critical date for finality of a state-court conviction is the expiration of the state's filing deadline). Thus, he was required to file his petition for federal habeas corpus by September 30, 2011. It was not filed until August 11, 2015, making the petition untimely.

There is also no reason to believe that equitable tolling would be appropriate. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). Petitioner brought the current action nearly four years after the limitations period had expired. Lack of counsel, lack of legal knowledge and lack of access to a law library or legal research materials, are not circumstances which warrant the application of equitable tolling. *See*

*Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003).  Accordingly, the Court finds that the Petitioner's claim is time barred.

The Rule 37 petitions did not toll the statute of limitations because they were untimely. A "properly filed" Rule 37 petition would toll the statute of limitations while the petition was pending in state court.  *See* § 2244(d)(2).  An untimely Rule 37 petition is not "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2012).

Finally, the Court need not address Petitioner's fourth argument actual innocence because the petition is clearly time-barred and because he failed to "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).  The forensic evidence Petitioner does present shows that his semen was found on the bed sheets of the victim's blue blanket (Doc. No. 2 at 95).  This does not rise to the level of proof required for the actual innocence claim to excuse the petition's untimeliness.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice.  The relief prayed for is DENIED.

Further, the Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 8th day of March, 2016.

_____
UNITED STATES MAGISTRATE JUDGE